UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                           05-CR-6068L

                          v.

GLENN HARPER,

                                Defendant.
_____

       This Court referred all pretrial motions in this criminal case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636. Glenn Harper and his brother, Kenneth Harper, were named in an indictment charging firearms offenses based on evidence uncovered on April 22, 2005, pursuant to a search warrant executed by Monroe County Court Judge Richard A. Keenan for the premises at 151 Third Street, Rochester, New York. Both defendants filed motions, but Kenneth Harper pleaded guilty on February 27, 2006, and is pending sentence.

       Defendant Glenn Harper ("Harper") filed a motion to dismiss the indictment, as well as motions to suppress physical evidence and statements made by Harper subsequent to his arrest.

       Magistrate Judge Payson conducted a suppression hearing concerning the motions to suppress. Magistrate Judge Payson also heard argument on the motion to dismiss the indictment. At the suppression hearing, several witnesses testified for the Government. The defendant did not testify and presented no evidence. The Court also has had the transcript of the suppression hearing (162 pages) available for my review.

On March 10, 2006, Magistrate Judge Payson issued a thorough, 26-page Report and Recommendation. Her recommendation was that all of defendant's motions should be denied. Harper objects to the Report and Recommendation, in part.

Harper only objects to two portions of Magistrate Judge Payson's Report and Recommendation. He challenges Magistrate Judge Payson's determination that the affidavit submitted in support of the warrant was based on information from a confidential informant. He also challenges Magistrate Judge Payson's determination that the no-knock authorization issued by Judge Keenan was appropriate.

**Search Warrant for 151 Third Street**

Harper challenged the search warrant on several grounds. The bulk of Magistrate Judge Payson's Report and Recommendation (20 pages) dealt with issues surrounding the application for the search warrant. Magistrate Judge Payson found no basis to suppress evidence seized pursuant to the warrant, and I agree and accordingly adopt her Report and Recommendation.

Harper contends that the affidavit for the warrant prepared by Rochester Police Officer Jennifer Morales was deficient in several respects. He claims that Morales and County Court Judge Keenan should not have relied on evidence submitted by a confidential informant. I believe, as did Magistrate Judge Payson, that the Morales affidavit was sufficient to establish probable cause to believe that illegal firearms and narcotics would be found at the 151 Third Street address. I believe the affidavit demonstrated ample basis to rely on the confidential informant based on his providing accurate information on previous occasions and based on detailed information provided to Morales, some of which could be corroborated. Magistrate Judge Payson sets out the facts and the contents of the affidavit in detail, and I need not repeat those matters here. In sum, though, I believe the affidavit was more than sufficient to justify Judge Keenan's signing the warrant.

I also agree with Magistrate Judge Payson that there is no need to conduct a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154 (1978). There is no evidence of record to warrant holding

such a hearing. There is no evidence that Morales had a basis to question the accuracy of the informant's information and no evidence that she knowingly submitted a false and misleading affidavit to Judge Keenan. There is no evidence that Morales was aware of any alleged falsity and no evidence that she acted recklessly in submitting the affidavit to the issuing judge.

I also reject Harper's contention that the search warrant was tantamount to a general warrant and that the no-knock authorization was not justified. I agree with Magistrate Judge Payson that the search warrant was specific as to the areas to be searched and the items to be seized. The warrant was not so broad as to constitute an exploratory search of the premises. I also agree with Magistrate Judge Payson that there was justification based on the specific circumstances of this case to authorize entry without announcing the officer's presence. Magistrate Judge Payson sets out those reasons, and I agree with them.

Furthermore, I believe that under the good-faith exception established by the United States Supreme Court in *United States v. Leon,* 468 U.S. 897 (1984) there is no basis to suppress the items obtained pursuant to the search warrant. The officers relied on the warrant signed by County Court Judge Keenan, and there is no evidence that they had any reason to suspect that the warrant had been impermissibly obtained or that false information had been submitted to the issuing judge. For that reason also, I agree with Magistrate Judge Payson that the motion to suppress physical evidence should be denied.

**Suppression of Statements**

Harper also moves to suppress several statements that he made in the Monroe County Public Safety Building after he was arrested. There are several statements at issue and several were obviously spontaneous statements made by Harper that were not prompted by any police interrogation. Apparently Harper and his brother Kenneth were originally lodged in adjoining interview rooms and officers heard them shouting to each other. During the course of that episode, defendant Glenn Harper made certain statements and admissions. I agree with Magistrate Judge

Payson that these spontaneous statements do not come within the purview of *Miranda v. Arizona,* 384 U.S. 436 (1966).

At some point, Harper was questioned by Investigator Thomas Cassidy. Cassidy testified at some length at the suppression hearing. He testified that he provided full and complete *Miranda* warnings to Harper and that Harper waived his rights and agreed speak with him. Much of the interview, which lasted approximately one hour, concerned a separate homicide investigation. Eventually, Cassidy did question Harper about the firearms discovered at 151 Third Street. Cassidy testified that Harper was not fatigued, had not been injured and was not under the influence of drugs or alcohol. He also said that at no time did Harper ask to speak with an attorney.

I find, therefore, as did Magistrate Judge Payson that Harper knowingly and voluntarily waived his *Miranda* rights and spoke with Investigator Cassidy. Therefore, Harper's motion to suppress the statements is denied.

## CONCLUSION

I accept and adopt in full the Report and Recommendation of United States Magistrate Judge Marian W. Payson, issued March 10, 2006 (Dkt. #60).

Defendant Glenn Harper's motion to dismiss the indictment (Dkt. #28) is denied. His motion to suppress physical evidence (Dkt. #28) seized pursuant to the search warrant for 151 Third Street is denied, as well as defendant's motion to suppress oral statements (Dkt. #28) made by him on the day of his arrest.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 30, 2006