UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                 05-CR-6068L

           v.

GLENN HARPER,

                                      Defendant.
_____

       By order entered May 30, 2006, this Court accepted and adopted in full the Report and Recommendation (Dkt. #60) of United States Magistrate Judge Marian W. Payson concerning defendant Glenn Harper's ("Harper") motion to dismiss the indictment, his motion to suppress physical evidence, and his motion to suppress oral statements. In this Court's May 30, 2006 Order (Dkt. #69), I denied all those motions.

       Defendant's motions had been filed by his then-attorney, M. Kirk Okay. A new attorney was substituted for Mr. Okay after he alleged that the defendant had assaulted him at the Batavia Correctional Facility. Thereafter, I afforded new counsel an opportunity to file additional motions on behalf of Harper.

       On September 7, 2006, Joseph S. Damelio, Esq., new counsel for Harper, filed Supplemental Objections (Dkt. #78) to Magistrate Judge Payson's original Report and Recommendation.

Harper claims that the search warrant issued by County Court Judge Richard Keenan was not based on probable cause and reliance on the informant was misplaced. I disagree. Magistrate Judge Payson carefully considered the evidence contained in the supporting affidavit before Judge Keenan and concluded, as do I, that it sufficiently established probable cause for issuance of the search warrant. There was also sufficient indicia of reliability as to the informant and Magistrate Judge Payson discusses those matters as well. Magistrate Judge Payson dealt with that issue, and I did as well in my Decision of May 30, 2006, adopting Magistrate Judge Payson's Report and Recommendation.

Harper suggests that the information relied upon by Officer Morales in seeking a warrant was stale. I believe the evidence demonstrates the contrary as set forth in Magistrate Judge Payson's thorough Report and Recommendation.

Harper now contends that it was error to deny him a *Franks* hearing under authority of *Franks v. Delaware,* 438 U.S. 154 (1978). Magistrate Judge Payson discussed this issue at length in her Report and Recommendation (p. 11-15). I agree with Magistrate Judge Payson's analysis of the facts in this case, and I believe she properly applied the law in declining to order a so-called *Franks* hearing relative to Officer Morales' affidavit. Magistrate Judge Payson found no reason to order such a hearing, and neither do I.

Again, I note, as I did in my May 30, 2006 Decision, that the good-faith exception established in *United States v. Leon,* 468 U.S. 897 (1984) applied here. The officers relied in good faith on the warrant signed by County Court Judge Keenan and based on *Leon,* there is no basis to suppress evidence here.

CONCLUSION

I again accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson, issued March 10, 2006, (Dkt. #60).  The Supplemental Objections (Dkt. #78) filed by new counsel for Harper do not change my original decision to adopt the Report and Recommendation.

I affirm my Decision to deny defendant's motion to suppress physical evidence seized pursuant to the search warrant executed at 151 Third Street, Rochester, New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 6, 2006.