UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

GLENN HARPER,

           Defendants.

---

ORDER

05-CR-6068L

      Section 3161(h)(1)(J) of Title 18, United States Code, permits the exclusion of 30 days once a motion is taken "under advisement" by the Court. A motion is taken under advisement "once the court has everything it expects from the parties prior to making its decision." *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1984); *United States v. Bufalino*, 683 F.2d 639, 642-44 (2d Cir. 1982), *cert. denied*, 459 U.S. 1104 (1983). In this case, that occurred on August 10, 2007, the deadline for the submission of post-suppression hearing memorandum.

      A review of defendants' motion papers and the papers submitted on the government's behalf is under way, and a decision on the omnibus motions will be made with reasonable dispatch. It now appears that full consideration of the motions made on behalf of the defendants will take time beyond the 30 day advisement period and that "it is . . . open to . . . [the court] to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) for the excess period, . . . ." *United States v. Bufalino*, 683 F.2d at 645.

      Based upon the Court's current examination of the several and myriad issues presented by the motions, and further upon my findings that the interest of justice in a

continuance overrides the defendants' and the public's interest in a speedy trial, a continuance is granted pursuant to § 3161(h)(8)(A) until October 9, 2007, for the purpose of rendering a decision.

This order "puts defense counsel on notice that the speedy trial clock has been stopped." *United States v. Tunnesen*, 763 F.2d 74, 78 (2d Cir. 1985). If counsel believes, for any reason, "that this [exclusion] is inappropriate, an objection may be raised and a record made at that time." *Id.; see also United States v. Kiszewski*, 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the court in paying attention to *Tunnesen*).

## CONCLUSION

The foregoing constitutes a decision and order pursuant to 28 U.S.C. § 636(b)(1)(A), and the Speedy Trial Act.

**IT IS SO ORDERED.**

/s/ Marian W. Payson<br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
      September 10, 2007

2